**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| John Taggart,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>Revelio Labs, Inc.,<br><br>　　　　　　　Defendant. | Case No:<br><br>**COMPLAINT**<br><br><br>JURY TRIAL DEMAND |

Plaintiff John Taggart ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Revelio Labs, Inc. ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Plaintiff is an award-winning New York-based photojournalist and a mainstay at *The New York Times*. With over 20 years of experience, he has documented pivotal moments from national politics to the aftermath of Superstorm Sandy. A member of the NYC Street Photography Collective, Plaintiff was recently named an American Photography 40 winner for his coverage of Donald Trump's fraud trial. His work is celebrated for its raw, candid perspective on urban life.

3. Plaintiff created a photograph of an office with employees working at their desks (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

4. Upon information and belief, Defendant is a leading workforce intelligence company that standardizes billions of public employment records to create the world's first universal HR database. By leveraging AI and proprietary algorithms, it provides actionable insights into workforce dynamics, talent transitions, and skill gaps for investors, corporate

1

strategists, and HR teams.

5.    As a core part of its business, Defendant owns and operates a website at www.reveliolabs.com and (the "*Website*").

6.    Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photograph on the Website as part of a self-promotion article and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

7.    Plaintiff is an individual who is a citizen of the State of New York and maintains a principal place of business in New York County, New York.

8.    Defendant is a Delaware corporation with a principal place of business at 43 West 23rd Street, New York in New York County, New York.

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10.    This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

11.    Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.    Plaintiff's Copyright Ownership**

12.    Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

13.    Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

14.    Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others

2

are the subject of pending copyright applications.

15.     Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

16.     On April 29, 2015, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

17.     Plaintiff published the Photograph by commercially licensing it to The Wall Street Journal for the purpose of display and/or public distribution.

18.     In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

19.     On December 24, 2019, the Photograph was registered by the USCO under Registration No. VA 2-185-057.

20.     Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.      Defendant's Infringing Activity**

21.     Defendant is the registered owner of the Website and is responsible for its content.

22.     Defendant is the operator of the Website and is responsible for its content.

23.     The Website is a key component of Defendant's popular and lucrative commercial enterprise.

24.     The Website is monetized in that it offers paid subscription to the public and, on information and belief, Defendant profits from these activities.

25.     Upon information and belief, Defendant is a sophisticated business which owns a comprehensive portfolio of digital marketing assets and has advanced operational and strategic expertise in an industry where copyright is prevalent.

26.     Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific practices including the need to ensure that images used in their posts have been properly licensed.

27.     Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

28.     Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

29.     Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

30.     On or about July 21, 2020, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed the Photograph on the Website as part of an on-line post at URL: https://www.reveliolabs.com/news/tech/these-non-tech-companies-are-starting-to-look-a-lot-like-tech-companies/ (the "*Infringement*"). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

31.     The Photograph was intentionally and volitionally copied and stored by Defendant at URL: https://cdn.sanity.io/images/btz0doeh/production/038b5016499fbc35c68df88e9d54d81b22ba40d3-659x439.jpg?w=659&h=439&auto=format.

32.     The Infringement is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant.

33.     Plaintiff first observed the Infringement on December 4, 2025.

34.     Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

35.     The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

4

36.     Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and displaying images including but not limited to Plaintiff's Photograph.

37.     Upon information and belief, Defendant directly contributes to the content posted on the Website by, *inter alia*, directly employing reporters, authors and editors as its agents, including but not limited to Ben Zweig whose Defendant Website lists him as CEO of Revelio Labs (the "*CEO*").

38.     Upon information and belief, at all material times the CEO was acting within the course and scope of their employment when they created the Infringement.

39.     Upon information and belief, at all material times the CEO was acting within the course and scope of their agency when they created the Infringement.

40.     Upon information and belief, the Photograph was willfully and volitionally posted to the Website by Defendant.

41.     Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

42.     Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

43.     Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Website.

44.     Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

45.     Upon information and belief, Defendant monitors the content on its Website.

46.     Upon information and belief, Defendant has received a financial benefit directly

5

attributable to the Infringement.

47.    Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase in its business revenues.

48.    Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

49.    Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

50.    Defendant's use of the Photograph harmed the actual market for the Photograph.

51.    Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

52.    On December 23, 2025, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

53.    Thereafter, on January 22, 2026, Plaintiff, via counsel, served a follow up letter seeking to address said complaints directly with Defendant in attempt to avoid litigation.

54.    Despite Plaintiff's efforts and willingness to address Defendant's infringing activity Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

55.    Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

56.    As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

### FIRST COUNT
***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

57.    Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

58.    The Photograph is an original, creative work in which Plaintiff owns a valid

SLG SANDERS LAW GROUP.

6

copyright.

59.    The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

60.    Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

61.    Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

62.    Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

63.    Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

64.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

65.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

66.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

67.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a.      finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

b.      for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.      for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.      for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.      for pre-judgment interest as permitted by law; and

f.      for any other relief the Court deems just and proper.

DATED: March 25, 2026

**SANDERS LAW GROUP**

By: ___*/s/ Craig Sanders*___
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 132656

*Attorneys for Plaintiff*

8